UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIAM DAWSON,<br><br>Defendant | Criminal No. 4:23-cr-40017-MRG<br><br>Violation:<br><br>Count One:<br>Interstate Transportation of Property Taken by Fraud<br>(18 U.S.C. § 2314)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461) |

INDICTMENT

At all times relevant to this Indictment, unless otherwise noted:

General Allegations

1. Defendant William DAWSON resided in Connecticut. DAWSON held himself out as a property buyer and reseller.

2. Person-1 operated an estate cleanout business in Massachusetts. Person-1 cleaned out homes that had been owned by decedents and advised the estates of those decedents regarding the sale and distribution of personal property contained therein.

3. In or around December 2022, Person-1 was retained by a decedent estate ("the Estate") to clean out a residence in Shrewsbury, Massachusetts. In that home, Person-1 found 170 Queen Elizabeth II Canadian Gold Maple Leaf Coins (the "Gold Coins"), collectively worth approximately $290,000.

1

4. With approval from the Estate, Person-1 offered to sell 120 of the Gold Coins to DAWSON. DAWSON agreed to buy 120 of the Gold Coins.

5. On or about January 4, 2023, DAWSON met with Person-1 in Millbury, Massachusetts, where Person-1 sold 120 of the Gold Coins to DAWSON. As purported payment, DAWSON provided two checks totaling $198,800 to Person-1. At all times relevant to this Indictment, including when he gave Person-1 the two checks on January 4, 2023, DAWSON had significantly less than $198,800 in the relevant bank account.

6. Later that same day, on January 4, 2023, DAWSON called Person-1 and claimed that DAWSON's car had been broken into and that the Gold Coins had been stolen.

7. On or about January 5, 2023, DAWSON traveled to a pawn shop in Pawtucket, Rhode Island, where he sold 43 of the Gold Coins in exchange for $80,442.

8. Further, on several occasions in February 2023, DAWSON traveled to a pawn shop in Cranston, Rhode Island, where he sold a total of 19 of the Gold Coins in four separate transactions, including on February 4, 2023, February 8, 2023, February 9, 2023, and February 24, 2023. DAWSON was paid a total of approximately $35,094 for the sale of the 19 Gold Coins.

## COUNT ONE
Interstate Transportation of Property Taken by Fraud
(18 U.S.C. § 2314)

The Grand Jury charges:

9. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 8 of this Indictment.

10. On or about January 4, 2023, in the District of Massachusetts, and elsewhere, the defendant,

WILLIAM DAWSON,

did transport, transmit and transfer, in interstate commerce goods, wares, merchandise, and money, of the value of $5,000 or more, namely gold coins, knowing the same to have been stolen, converted and taken by fraud.

All in violation of Title 18, United States Code, Section 2314.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

11. Upon conviction of interstate transportation of property taken by fraud, in violation of Title 18, United States Code, Sections 2314, as set forth in Count One, the defendant,

WILLIAM DAWSON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset:

    a. $198,800 in United States currency, to be entered in the form of a forfeiture money judgment.

12. If any of the property described in Paragraph 11, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

4

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 11 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

Deputy FOREPERSON

BRENDAN D. O'SHEA
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: SEPTEMBER 28, 2023
Returned into the District Court by the Grand Jurors and filed.

/s/ Leonardo T. Vieira, signed at 02:13pm
DEPUTY CLERK