**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br><br> WILLIAM DAWSON, <br><br> Defendant. | Crim. No.: 4:23-cr-40017-MRG |

**ORDER ON THE GOVERNMENT'S MOTION FOR RECONSIDERATION**
**[ECF No. 87]**

**GUZMAN, J.**

Before the Court is the Government's Motion for Reconsideration, [ECF No. 87], of the Court's prior grant of the Government's Motion for Order of Forfeiture (Money Judgment), [ECF No. 86]. The Government requests that the Court vacate the portion of the Forfeiture Order that suggests that any money judgment must be applied to the restitution owed. [See ECF No. 87].

For the reasons stated below, the motion for reconsideration in **GRANTED**, and the Court hereby **vacates in part** its prior order, [ECF No. 86]. The reasoning provided below supersedes the Court's prior order, [id.]

I.    **BACKGROUND**

   A.  Relevant Facts

In or around December 2022, an individual (referred to as "Person-1" in the indictment) was retained by a decedent estate to clean out a home and advise the estate on the sale and distribution of personal property contained therein. [ECF No. 4 ¶¶ 2–3]. Pertinent to this case,

1

Person-1 identified 170 Queen Elizabeth II Canadian Gold Maple Leaf Coins (the "Gold Coins"). On or about January 4, 2023, William Dawson ("Defendant" or "Dawson") agreed to purchase 120 of the Gold Coins for the amount of $198,800 via check when he had insufficient funds in his bank account. [Id. ¶ 5]. Later that day, Dawson falsely claimed that the Gold Coins had been stolen and subsequently sold 62 Gold Coins at Pawn shops throughout Rhode Island, earning approximately $115,500 in proceeds. [Id. ¶¶ 6–8].

Dawson pled guilty to these facts at a Rule 11 hearing and was sentenced on a single count of Interstate Transportation of Property Taken by Fraud in violation of 18 U.S.C. § 2314.

B. Procedural History

Dawson was indicted on one count of Interstate Transportation of Property Taken by Fraud under 18 U.S.C. § 2314 on September 28, 2023. [ECF No. 4]. This indictment included a notice of forfeiture for a money judgment of $198,800. [Id. at 4]. After initial discovery, the parties filed a joint motion for a Rule 11 Hearing. [ECF No. 37]. Dawson pled guilty to Count I on April 24, 2024. [ECF No. 41]. The government subsequently filed its motion for an order of forfeiture for a money judgment of $198,800. [ECF No. 43]. Dawson did not oppose the motion. After several continuances, Dawson was sentenced on February 2, 2025. [ECF No. 71]. At the time of sentencing, the Court did not rule on, nor did the Government argue on the subject of, the motion for forfeiture. [Id.; ECF No. 72]. Dawson was sentenced to five years of probation with twelve months to be served on home detention and was ordered to pay restitution to the identifiable victims and a special assessment of $100. [ECF No. 71].

In April 2025, the Government filed a Motion for Order of Restitution and Money Judgment, referencing the pending preliminary order for forfeiture before the Court. [ECF No. 74 at 1]. Mr. Dawson opposed this order in part, conceding that he was mandated to pay restitution

2

and was in the process of doing so, [ECF No. 75 at 1–2], and argued that the Government's failure to procure the motion for preliminary forfeiture during sentencing precluded the Government from collecting $198,800 in forfeiture in addition to the $198,800 in restitution. [Id. at 2]. The Government replied to the opposition asserting forfeiture was mandatory in this case and that Defendant was properly on notice of forfeiture at his sentencing. [ECF No. 80 at 1–2]. The Court docketed its Order on this issue on October 8, 2025, granting the Government's motion for forfeiture but sought to avoid a "double penalty" by ordering that the amount of $198,800 in forfeiture be applied to the restitution balance. [ECF No. 86]. [1]

---

[1]"District Judge Margaret R. Guzman: ELECTRONIC ORDER entered. The Court GRANTS [ECF 43] the Government's Motion for Forfeiture of Property and GRANTS [ECF 74] the Government's Request for Restitution and Money Judgment Order. Based on the facts set forth in the Indictment and Defendant's guilty plea on April 24, 2024, the Victims are entitled to a restitution from the Defendant, in the amount of $198,800 in United States currency. This amount constitutes proceeds that the Defendant obtained as a result of violation of 18 U.S.C. § 2314. The imposition of an order of restitution in the amount of $198,800.00 is unopposed by the Defendant, who is in the process of payment.

At the Defendant's sentencing hearing, the government stated that it "would request that a money judgment in the amount of restitution" be entered against the Defendant. [ECF No. 72] The pending Motion for Forfeiture of Property was not granted at sentencing, nor did the Government raise the issue of forfeiture separate and apart from the issue of restitution, as required under Fed. R. Crim. P. 32.2(b). [ECF No. 72]; Fed. R. Crim. P. 32.2(b)(4)(B)("The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36.")

The Court did not issue an oral order for a separate forfeiture judgment at Defendant's sentencing hearing. The Court construes the Motion for Forfeiture from the Government as a financial judgment **to be applied to the restitution balance**, and not a payment separate from the restitution. As the Court did not impose an additional fine on Mr. Dawson at sentencing, it is not inclined to impose a financial penalty of $198,800.00 that the Defendant is expected to pay twice. 18 U.S.C. § 1335 ("The court shall impose a sentence sufficient, but not greater than necessary, [t]o reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]")

Therefore, the Government's Motion for Forfeiture of Property [ECF 43] is GRANTED, and the Government's Request for Restitution and Money Judgment Order [ECF 74] is GRANTED. The Forfeiture will be applied to the restitution balance to avoid the Defendant having to pay the penalty twice. (SF) (Entered: 10/08/2025)." [ECF No. 86].

## II.    LEGAL STANDARDS

The Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration. See United States v. Ortiz, 741 F.3d 288, 292 n.2 (1st Cir. 2014) ("[M]otions for reconsideration in criminal cases are not specifically authorized either by statute or by rule.") However, the First Circuit will apply Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") to motions for reconsideration arising in the criminal context. See, e.g., United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (applying Rule 59(e) to a motion for reconsideration in a criminal case.)

Pursuant to Rule 59(e), a district court will alter its original order only if it "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (quoting Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)). A motion for reconsideration does "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the district court prior to judgment." Iverson v. City of Bos., 452 F.3d 94, 104 (1st Cir. 2006) (quoting Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997)). A Rule 59(e) motion is "not a vehicle for resuscitating a motion with 'additional arguments' that could and should have been raised previously." United States v. Iacaboni, 667 F.Supp.2d 215, 218 (D. Mass. 2009) (quoting Allen, 573 F.3d at 53).

In deciding a motion for reconsideration, the reviewing court has considerable discretion. Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004). "As a general rule, motions for reconsideration should only be exceptionally granted." Villanueva-Méndez v. Nieves-Vázquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005).[2]

---

[2] The Government brings its motion under the framework of Fed. R. Crim. P. 35(a), which provides that "[w]ithin 14 days after sentencing, the court may correct a sentence resulted from arithmetical, technical or other clear error." Mr. Dawson was sentenced on February 5, 2025, the initial Motion

III.    **DISCUSSION**

    A.    <u>Restitution and Forfeiture are Mandatory for Violations of 18 U.S.C. § 2314 Where</u>

        <u>an Identifiable Victim is Present</u>

Restitution and forfeiture judgments are two distinct penalties at sentencing. The goal of restitution is to compensate identifiable victims due to the Defendant's conduct and to make them whole. See <u>United States v. Naphaeng</u>, 906 F.3d 173, 179 (1st Cir. 2018). The Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, mandates that a Court order restitution when a defendant is convicted of an offense in which an identifiable victim or victims has suffered a pecuniary loss, where the federal crimes are "committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(B); 18 U.S.C. § 3663A(c)(1)(A)(ii). This restitution order is determined by the victim's actual losses and "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664; 18 U.S.C. § 3663A. Restitution is mandatory in this case because an identifiable victim is present and the crime at issue, 18 U.S.C. § 2314, was committed by fraud or deceit. Dawson does not argue that the restitution order for the value of $198,800 is improper. [ECF No. 75 at 1].

Civil and criminal forfeiture statutes "empower the Government to confiscate property derived from or used to facilitate criminal activity . . . [and] serve important governmental interests

---

for Order of Restitution and Money Judgment was filed on April 8, 2025, [ECF No. 74], and the current motion at issue was filed in October 2025. [ECF No. 87]. Neither of these motions were filed within the fourteen-day window. Additionally, the instant motion is asking the Court to reconsider a prior judicial order regarding the money judgment. The Court, therefore, believes that the proper context to view this request is within the framework of Fed. R. Civ. P. 59(e). See <u>United States v. Rivera-Rodriguez</u>, 75 F.4th 1, 22 n.20 (1st Cir. 2023) ("[T]he Tenth Circuit has observed, '[t]he Federal Rules of Criminal procedure do not authorize motions for reconsideration and accordingly do not specify a time within which they must be brought. . [however] the Supreme Court has recognized motions for reconsideration in the criminal context since at least 1964[.]'" (quoting first <u>United States v. Heath</u>, 846 Fed. App'x 725, 728 (10th Cir. 2021), then quoting <u>United States v. Healy</u>, 376 U.S. 75, 77–78 (1964)).

such as 'separating a criminal from his ill-gotten gains.'" Honeycutt v. U.S., 581 U.S. 443, 447 (2017) (quoting Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 629–30 (1989)). Forfeiture is mandatory for a defendant convicted under 18 U.S.C. § 2314, the offense to which the Defendant pled guilty. See 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) (property subject to forfeiture includes "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting a 'specified unlawful activity' (as defined in section 1956(c)(7) of this title) . . ."). A "specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7) as "any act or activity constituting an offense listed in section 1961(1) of this title." Defendant pled guilty to a violation of 18 U.S.C. § 2314 (relating to interstate transportation of stolen property), which is an indictable offense listed under section 1961(1).

First, forfeiture was authorized in this case because Dawson was charged with interstate transportation of property taken by fraud in violation of 18 U.S.C. § 2314. Second, the Government "include[d] notice of the forfeiture in the indictment." 28 U.S.C. §2461(c); see Fed. R. Crim. P. 32.2(a) ("A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute."). Finally, Dawson pled guilty to the "offense giving rise to the forfeiture." 28 U.S.C. §2461(c).

Therefore, consistent with the Court's prior ruling, forfeiture is mandatory in this case.

### B. The Forfeiture Value May Not Be Offset by the Restitution Value

Although the First Circuit has limited precedent discussing the issue of off-setting a forfeiture order for restitution, Sister Circuits have consistently determined that the district court

is without this discretion when it comes to mandatory forfeiture orders.[3] See United States v. Mhana, No. 24-4488, 2026 WL 1291534, at *10 (4th Cir. May 12, 2026) (rejecting a district court's reasoning for denying forfeiture due to concerns of a "double payment" of restitution and forfeiture); U.S. v. Blackman, 746 F.3d 137, 143 (4th Cir. 2014) ("Insofar as the district court believed that it could withhold forfeiture on the basis of equitable considerations, its reasoning was in error."); see also U.S. v. Torres, 703 F.3d 194, 204 (2nd Cir. 2012) (citing cases from eight Circuits considering "orders of forfeiture and restitution in the face of 'double recovery.'"); see also U.S. v. Leon-Delfis, 2023 F.3d 103, 115 (1st Cir. 2000) (An order of civil forfeiture and criminal restitution does not raise issues of double jeopardy because "the Double Jeopardy Clause 'does not apply to [civil forfeitures] because they do not impose punishment.'" (quoting United States v. Ursery, 518 U.S. 267, 274 (1996)); see also United States v. Levesque, 546 F.3d 78, 85 (1st Cir. 2008) (observing "that a defendant's inability to satisfy a forfeiture at the time of conviction, in and of itself, is not at all sufficient to render a forfeiture unconstitutional").

The Court takes ownership over the fact that forfeiture was not ordered at the time of sentencing. Fed. R. Crim. P. Rule 32.2(b)(4)(B)'s provision on notice for forfeiture stipulates that the Court must include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Fed. R. Crim. P. 36.[4] On the other hand, the

---

[3] Unless the forfeiture order is considered "grossly disproportional" to the gravity of the offense which may be considered an excessive fine under the Eight Amendment, which is not present in this case. See e.g., U.S. Bajakajian, 524 U.S. 321 (1998); United States v. Ponzo, 171 F.4th 507, 521–22 (1st Cir. 2026).

[4] "Fed. R. Crim. P. 36 grants the district court express authority at any time to correct clerical mistakes in judgments and orders" . . . however, when (as here) the case involves "something more than clerical errors," it becomes "necessary to look beyond Rule 36." United States v. Carr, 932 F.2d 67, 72 n.4 (1st Cir. 1991), holding modified by United States v. Rivera, 994 F.2d 942 (1st Cir. 1993).

advisory committee's notes on the 2009 amendments to Rule 32.2 stipulate that "[o]nce the sentence has been announced, the rules give the sentencing court only very limited authority to correct errors or omissions in the preliminary forfeiture order." There is also caselaw suggesting that when the procedures mandated by Rule 32.2 are not followed, the Court may not later enter forfeiture after the time window for correcting an error in the sentence has passed. See United States v. Diaz-Rivera, 806 F. Supp. 2d 479, 483 (D.P.R. 2011).

Despite the constraints of the Federal Rules of Criminal Procedure, the Court is mindful of the waste of judicial resources that would be expended if the Court fails to correct this error at this stage and the parties' only recourse is to seek appellate review.

Criminal appeals by the Government under 18 U.S.C. § 3731 must be taken within thirty (30) days after entry of the judgment or order appealed from. See FRAP Rule 4(b). However, instead of an immediate appeal, the government can seek reconsideration of the adverse ruling within the thirty-day period after the entry of the judgment or order, at which point the thirty-day period for filing the notice of appeals runs from the date of the entry of the order reconsideration. See United States v. Dieter, 429 U.S. 6, 9 (1976). In Dieter, the Supreme Court considered a district court's jurisdiction and authority to rehear a previously decided issue, namely, the dismissal of a criminal case. Id. at 7. The district court had denied the Government's motion to set aside the order of dismissal because it believed "it had 'no authority or jurisdiction' to set aside the order." Id. On appeal, the Supreme Court noted, "plenary consideration of an issue by an appellate court ordinarily requires more time than is required for disposition by a trial court of a petition for rehearing," and hailed the "wisdom of giving district courts the opportunity promptly to correct their own alleged errors" to avoid "imposing added and unnecessary burdens on the

8

courts of appeals." Id. at 8. As a result, the Court authorized the district court to reconsider the original judgment and reasoned, "to have held otherwise might have prolonged litigation and unnecessarily burdened this Court." Id.[5]

Where, as here, the district court's error is clear, judicial efficiency and adherence to correctly applying the rule of law compels this Court to grant reconsideration to the Court's provision that forfeiture must be applied to the restitution balance. [ECF No. 86]. Therefore, this Court erred in its previous order, ECF No. 86, indicating the money judgment should be applied to the restitution balance and **vacates** that portion of the order.

C.  Notice to the Defendant

The Defendant's arguments against an order for forfeiture, [see ECF Nos. 75, 80], focus on his lack of notice of the Government's intention to seek forfeiture in this case. Those arguments are unpersuasive.

A defendant is considered to be "on notice" for forfeiture when the indictment includes the required forfeiture notice and the defendant is convicted of an offense giving rise to the forfeiture. 18 U.S.C. § 981 (a)(1)(C); 28 U.S.C. § 2461(c) ("If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure."). The indictment indicated that the Government would seek a monetary judgment for $198,800 in United States currency. [ECF No. 4]. The Defendant pled guilty to the Indictment, which included this forfeiture claim. [Id.] Seven months prior to

---

[5] The First Circuit cited Dieter and Cook approvingly in United States v. Carr, where it held that district courts have "inherent power" to modify a sentence on reconsideration, and "to correct an acknowledged and obvious mistake" during the thirty-day period in which a government appeal of a sentence or judgment can be filed. 932 F.2d at 70; United States v. Cook 690 F.2d 672, 675 (4th Cir.1989).

sentencing, the Government filed its Motion for Order of Forfeiture (Money Judgment). [ECF No. 43]. Based on these facts, the Defendant was placed on proper notice of the Government's intent to seek forfeiture for a money judgment in the amount of $198,800. Accordingly, the Court takes no action based on this argument from the Defendant.

## IV.   CONCLUSION

The Court exercises its authority under Fed. R. Crim. P. 32 to correct the judgment to stipulate that the Defendant must pay both restitution and forfeiture and that the amount paid for forfeiture will not be applied to offset any restitution amount. See Fed. R. Crim. P. 32.2(b)(4)(B) ("The court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36."); Fed. R. Crim. P. 36 ("After giving any notice it considers appropriate, the court may *at any time* correct a clerical error in a judgment, order, or other part of the record, or *correct an error in the record arising from oversight or omission.*") (emphasis added); see McIntosh v. United States, 601 U.S. 330, 338 (2024) ("[A] district judge's failure to enter a preliminary order prior to sentencing does not deprive a judge of the power to order forfeiture."); see also U.S. v. Yeje-Cabrera, 430 F.3d 1, 16 (1st Cir. 2005) (holding that where the forfeiture was noted in the indictment and never opposed on the merits by Defendant, a violation of Rule 32.2 did not entitle him to reversal of the forfeiture order.)

For the reasons set forth above, the Court issues an order for forfeiture of $198,800.00 and an order for restitution in the amount of $198,800.00.

**SO ORDERED.**

Dated: May 26, 2026

           /s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge